IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANE WILSON<br>21 Collins Road<br>Trenton, NJ 08619<br><br>    Plaintiff,<br>v.<br><br>KARL SCHOTT<br>7 Schenk Place<br>Robbinsville, NJ 08691<br>    and<br><br>BINDERSCHOTT, INC.<br>7 Schenk Place<br>Robbinsville, NJ 08691<br><br>    Defendants. | CIVIL ACTION<br><br>No.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Lane Wilson (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Binderschott, Inc. (hereinafter "Defendant BSI" where referred to individually) is a private domestic company incorporated and operating within New Jersey. Defendant BSI primarily engages in the operation of concessions and restaurants within Mountain View Golf Course and the Princeton Country Club.

8. Defendant Karl Schott (hereinafter "Defendant Schott" where referred to individually) is the owner, highest-level manager and operator of Defendant BSI, and he has and continues to exercise full control over payroll, hiring, and other company operations. He directly hired Plaintiff, failed to pay Plaintiff legally, and committed all violations directly alleged in the instant lawsuit.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Defendants have for many years bid upon and been granted a contract and/or a license to operate selling concessions and as a restaurant within the Mountain View Golf Course (also consisting of full-service golf courses hosting various events).

12. Plaintiff was hired by Defendants originally in or about 2014 wherein she worked for Defendants at the Mountain View Golf Course. Plaintiff worked for approximately 1 year initially for Defendants before separating voluntarily. She later worked for Defendants through 2016 intermittently on an as-needed basis, also at Mountain View Golf Course.

13. In or about late March of 2017, Plaintiff was contacted by Defendant Schott and asked if she could help operate the concessions and bar and grill at its Princeton Country Club location. Defendants had ostensibly been asked to take over the operations of the concessions and bar and grill at the Princeton Country Club in 2017.

14. In conjunction with Plaintiff being asked to work at the Princeton Country Club, she was told by Defendant Schott he didn't really care about the Princeton Country Club but felt he had to accept oversight of its operations in order to ensure he would continue to be awarded a contract with the Mountain View Golf Course. He in turn asked Plaintiff to open and operate the bar and grill at the Princeton Country Club.

15. Plaintiff had a multi-year history with Defendant Schott in working at varying times for him previously; and as a result, did not believe she would have any concerns with her

own compensation (albeit in 2017 she was working at an entirely different location for Defendants).

16. Contemporaneous to Plaintiff being hired in or about late March of 2017, Plaintiff was informed she would: (1) basically be considered the manager of the Princeton Country Club concessions and bar and grill; and (2) be paid at a rate of $400 per week plus be able to keep her tips earned while working at the location (wherein she would serve food and alcohol). Neither of these assurances turned out to be true.

17. Plaintiff never had any meaningful opportunity to work as a manager; and instead, she spent nearly her entire days cooking, cleaning, bartending, stocking, and performing other general labor-related work.

18. Before quitting her job due primarily to a lack of adequate compensation on or about September 21, 2017, Plaintiff had worked for nearly 5 months earning a very negligible income. Specifically:

> (a) Plaintiff had been promised $400 per week as a base by Defendant Schott, but he only ever directly paid Plaintiff a total of $1,200 during her 5-month tenure;
>
> (b) Plaintiff repeatedly asked for her $400 per week in compensation, but each time she complained about not getting paid Defendant Schott told her the business will pick up and he will pay her and that she will more than make sufficient income based upon tips through the summer and fall season; and
>
> (c) When Plaintiff became very impatient over time, Schott would tell Plaintiff to take $100 or $200 from the cash generated within the business – and Plaintiff in total – was only paid $1,000 in cash from taking same directly from the cash register at the direction of Defendant Schott.

19. Plaintiff ran the concessions and bar and grill extremely effectively, with substantial customer and location satisfaction. However, Defendants ran the Princeton Country Club location extremely haphazardly from a financial standpoint, as:

(a) Plaintiff was directed to pay the few employees that would be used to help her out during workdays solely in cash from the register without any tax withholdings by Defendants or any other legally mandated local, state or federal withholdings;

(b) Plaintiff was directed to make all purchases of products, supplies and food with cash from sales which often was a struggle with limited cash; and

(c) When Plaintiff would complain about not getting paid properly, Defendant would even tell Plaintiff when sales pickup he would give her up to 80% of cash generated to keep Plaintiff from ceasing work (also something that never turned out to be true).

20. Plaintiff consistently worked 60-80 hours per week trying to run Defendant's concessions and bar and grill from open to close. Plaintiff's sole income during most weeks was limited tips, she was never paid overtime compensation - and in many weeks - she earned under minimum wage based upon total hours worked.

21. Plaintiff could never be legally considered exempt from overtime compensation because (among other reasons) even though she was titled as a manager, she performed predominantly labor-related (non-supervisory) work,[1] and she was not paid a legally mandated salary in accordance with state or federal law(s).[2]

---

[1] Courts do not focus on employer job titles which are often creative, inapplicable or not reflective of a job, but rather, focus on allocations of job duties. *See Marshall v. Nat'l Freight, Inc.*, 1979 WL 1977, at *10 (D.N.J. 1979)(explaining that although accounts payable supervisor had a complex and laborious job, he was non-exempt because the majority percentages of his daily duties involved processing transactions and document review pursuant to company guidelines); *Shultz v. A.E. Burgess Co.*, 1970 WL 668, at *4 (N.D. Ala. 1970)(field office manager was non-exempt under FLSA because the majority of his time was spent on non-exempt duties); *Oliva v. Infinite Energy Inc.*, 2012 WL 11868265, at *8-9 (N.D. Fla. 2012)(granting summary judgment to delinquent account overseers because the majority of their job was calling upon debtors and collecting documents which are non-exempt duties, making that their "primary duty"); *Roberts v. Nat'l Autotech, Inc.*, 192 F. Supp. 2d 672, 675 (N.D. Tex. 2002)(granting summary judgment to the plaintiff, a store manager, because the majority if his time was spent doing non-exempt types of job duties making the managerial or administrative exemptions inapplicable under the FLSA); *see also Morgan v. Family Dollar Stores, Inc.* No. 07-12398 (11th Cir. 2008)(explaining that because "Store Managers" nationwide were performing the majority of non-management duties, they were deemed non-exempt awarding over $20,000,000.00 to store managers nationwide).

[2] Plaintiff was never once paid a set salary of $455 per week as mandated for the applicability of any exemption under Section 13(a)(1) of the FLSA.

22. Defendants knowingly and intentionally violated wage laws relating to Plaintiff, as evidenced by *inter alia*:

> (a) Defendants intentionally engaged in tax evasion, misclassification of employees and failed to abide by any local, state or federal obligations with respect to employee payment(s);
>
> (b) Defendants knowingly failed to remit sales taxes on proceeds or to properly account for proceeds;
>
> (c) Defendants failed follow any state or federal posting requirements of minimum wage and overtime laws (*see e.g.* Title 29, Part 516.4);
>
> (d) Defendants failed to maintain any time records for any employees of Defendants, via timecard, punch-in or punch-out, or any other log of hours, a clear violation of state and federal laws (*see e.g.* Title 29, Part 516.2);
>
> (e) Defendants made no effort to verify hourly wages being accurate, to insure minimum wage or to ensure payment of overtime worked;
>
> (f) Defendants comingled cash received from business operations with personal assets and failed to properly account for same; and
>
> (g) Defendant Schott was so unscrupulous and unwilling to abide by local, state or federal regulations that he told Plaintiff to make false statements about an employee's employment status if they sustained a work injury (which fortunately did not occur during Plaintiff's tenure) or to make false statements in reference to health department documentation (to which Plaintiff did object during her tenure).

23. Plaintiff worked for Defendants for approximately 26 weeks. Rough estimates of what Plaintiff is owed include as follows:

> (a) $9,200.00 in unpaid and promised salary for 23 of the 26 weeks worked (at a rate of $400.00 per week);

(b) In excess of $7,500.00 in unpaid overtime compensation, *not including* liquidated damages *which should be automatically recoverable*;³

(c) Several thousand dollars in unpaid minimum wage; and

(d) Costs, interest and attorney's fees.⁴

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages & Minimum Wage)
### - Against Both Defendants -

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. At all times relevant herein, Defendants, are and continue to be, an "employer" within the meaning of the FLSA. They sufficiently comprise an enterprise as defined by FLSA regulations.

26. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

27. The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the

---

³ *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the norm, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

⁴ Attorney's fees and costs "shall" be awarded to a plaintiff in an FLSA case. *See Jackson v. Art of Life, Inc.*, No. CIV.A. 10-3043, 2012 WL 162292, at *1 (E.D. Pa. 2012), citing, 29 U.S.C. § 216(b) and *Loughner v. University of Pittsburgh*, 260 F.3d 173, 177 (3d Cir.2001).

employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

28. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

29. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

30. Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that she worked over 40 each workweek. Defendants also failed to pay or ensure Plaintiff was paid minimum wage.

31. As a result of Defendants' failure to pay Plaintiff the overtime or minimum wage compensation due her, Defendants violated the FLSA and caused Plaintiff to suffer damages.

32. Defendant Schott is personally liable as he directly failed to properly compensate employees such as Plaintiff.[5]

### Count II
### Violations of the New Jersey Minimum Wage Act ("NJ MWA")
(Failure to Pay Overtime Wages and Minimum Wage)
- Against Both Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Defendants' failures as aforesaid constitute violations of the NJ MWA.

---

[5] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle & Bci Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

## Count III
## Violations of the New Jersey Wage and Hour Law(s) ("NJ WHL")
(Failure to Pay Owed & Promised Wages to Plaintiff)
- Against Both Defendants -

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Defendants' failures as aforesaid constitute violations of the NJ WHL.

## Count IV
## Breach of Contract
(Failure to Pay Owed & Promised Wages to Plaintiff)
- Against Both Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Defendants specifically promised Plaintiff set wages and compensation in consideration for her work as an employee of Defendant, and Plaintiff was specifically harmed and damaged by Defendants' breach of contract in non-payment of promised compensation as aforesaid.

38. These actions on the part of Defendants constitute a breach of contract.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered legal violations at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for

their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, negative tax consequences, unpaid withholdings from an employer and for other harms;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 27, 2017